UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| BRIAN WOODS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Cause No: 3:19-cv-3063 |
| v. ) | |
| ) | |
| WORKSAVER, INC. ) | |
| ) | **JURY TRIAL DEMANDED** |
| SERVE REGISTERED AGENT: ) | |
| CT CORPORATION SYSTEM ) | |
| 208 S. LaSalle Street, Suite 814 ) | |
| Chicago, IL 60604 ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

COMES NOW Plaintiff, and for his causes of action against Defendant, Worksaver, Inc., states as follows:

### STATEMENT OF CASE

1.    Plaintiff Brian Woods ("Plaintiff") was an employee and/or prospective employee of Defendant who informed Defendant that he was on a legal prescription medication that was for the treatment of his disability that would cause a positive drug test. Despite this, Defendant fired him for the positive drug screen on or about December 11, 2017.

2.    Plaintiff's termination was due the following actions of Defendant:

(a)    That Defendant terminated and/or failed to hire Plaintiff because Plaintiff tested positive for Benzodiazepine, for which he had a doctor's prescription; and

(b)    That Defendant terminated and/or did not hire Plaintiff in retaliation for requesting a reasonable accommodation.

3. This is an action brought to remedy, inter alia, Defendant's violations of Plaintiff's civil rights pursuant to Title VII of the Civil Rights Act of 1964, as amended; the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq.; and the Illinois Human Rights Act.

## JURISDICTION AND VENUE

4. This Honorable Court has jurisdiction pursuant to 42 U.S.C. 2000e-5, and 28 U.S.C. §§ 1331 and 1367.

5. Plaintiff received a notice of right to sue from the Equal Employment Opportunity Commission (See Exhibit 1).

6. Plaintiff received a notice of right to sue from the State of Illinois, Department of Human Rights. (See Exhibit 2).

7. Worksaver, Inc. (hereinafter "Worksaver" or "Defendant") regularly and systematically conducts and transacts business associated with and in the counties comprising the Central District of Illinois.

8. The unlawful practices complained of herein occurred in the counties comprising the Central District of Illinois.

## THE PARTIES

9. Plaintiff Brian Woods is an individual who resided at all relevant times in the County of Bond County, State of Illinois.

10. Worksaver is a domestic corporation with its principal place of business in the County of Montgomery, State of Illinois.

## ALLEGATIONS COMMON TO ALL COUNTS

11. Plaintiff suffers from various physical and mental conditions that substantially limit one or more of his major life activities

12. Plaintiff is prescribed Xanax.

13. Xanax is classified as a benzodiazepine.

14. Defendant is a manufacturer of attachments for agricultural and light construction equipment.

15. Plaintiff began working at Defendant as a temporary employee through a temporary agency, Staff Quick, on October 5, 2017.

16. Plaintiff worked as an assembly man for Defendant responsible for piecing together different parts of manufactured products and readying these products for shipment.

17. During this time, Plaintiff had a good work history.

18. Defendant offered to hire Plaintiff as a regular employee on December 6, 2017.

19. As part of the process of transitioning to permanent employment, Defendant required Plaintiff undergo a pre-employment drug screening.

20. Prior to the drug test on December 6, 2017, Plaintiff informed Defendant of his medications and that these medications would likely show up on the test.

21. As anticipated, Plaintiff's drug screening returned positive for Benzodiazepine.

22. Defendant then requested Plaintiff to undergo further testing at St. Francis Hospital.

23. On December 11, 2017, St. Francis Hospital faxed Defendant confirmation that Plaintiff took Benzodiazepine.

24. After receiving the fax, Defendant requested the staffing agency, Staff Quick, to inform Plaintiff he was dismissed.

25. On December 12, 2017, Plaintiff went to Worksaver to discuss the test, his medication, his medical conditions, and to request that they reinstate him.

26. On that date, Plaintiff met with one of the owners of Worksaver, Inc. and a Human resources employee.

27. Plaintiff showed both the owner and the Human Resources employee his pharmacy paperwork proving he had a prescription for Xanax, which would cause Plaintiff to test positive for Benzodiazepine.

28. On December 13, 2017 Defendant called Plaintiff to inform him that Defendant would not change their mind, despite the evidence of a disability and medication.

29. Similarly situated employees were not disciplined and/or did not have an offer of employment terminated.

30. Defendant did not have justification for terminating plaintiff's employment offer, and, in fact, terminated him directly due to his disability and the medication he used to treat said disability.

31. Following the actions of Defendant, Plaintiff timely filed a complaint with the Equal Opportunity Employment Commission and the Illinois Department of Human Rights and was subsequently issued a Notice of Right to Sue, a copy of which is attached as Exhibit 1 and 2.

32. Defendant's termination of Plaintiff's employment offer was in violation of one or more of the following illegal reasons:

## COUNT I

**(Americans with Disabilities Act – Disability Discrimination)**

33. Plaintiff restates and realleges paragraphs 1-32 of this Complaint.

34. Defendant is an entity engaged in an industry affecting commerce.

35. Defendant is an entity who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

36. At all relevant times, Plaintiff was employed by Defendant, and/or had received a full-time employment offer from Defendant.

37. Plaintiff is diagnosed with several medical conditions including anxiety, among others.

38. Plaintiff's medical conditions are a serious medical condition that substantially limits one or more major life activities.

39. Plaintiff's disability or perceived disability placed him as a member of a protected class.

40. Plaintiff was qualified to perform the essential functions of the job with or without a reasonable accommodation.

41. Defendant was aware of Plaintiff's disability and/or perceived Plaintiff to have a disability.

42. Plaintiff was subjected to tangible employment actions including, but not limited to, termination and/or failure to hire as a permanent employee

43. Plaintiff's disabilities, perceived disabilities, and/or the known side effects of having a positive drug screen were a motivating factor in the tangible employment actions including, but not limited to, termination.

44. Defendant's actions were intentional with reckless indifference to Plaintiff's rights and sensibilities

45. Defendant treated Plaintiff differently than similarly situated employees based on unlawful consideration of disability.

46. As a direct and proximate result of Defendant's wrongful acts, Plaintiff has sustained injuries and damages. These include, but are not limited to: past and future wage loss;

past and future lost earning capacity; loss of career opportunities; shame, humiliation, embarrassment, anxiety, loss of sleep and interference with her enjoyment of life; and emotional distress, all of which will continue into the future.

47. The actions of Defendant were intentional, careless and/or reckless and performed in complete disregard of the law and the rights of Plaintiff, for which conduct and actions, punitive damages are properly imposed in such amounts as will punish Defendant for its wrongful conduct and deter it and others from like conduct in the future.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant and that Plaintiff be awarded past, present and future lost wages and benefits; compensatory damages, punitive and exemplary damages; interest, costs and reasonable attorneys' fees; any other relief afforded Plaintiff under The Americans with Disabilities Act and The Civil Rights Act, and all other relief deemed just and equitable.

## COUNT II

**(Americans with Disabilities Act – Failure to Accommodate)**

48. Plaintiff restates and realleges paragraphs 1-32 of this Complaint.

49. Defendant is an entity engaged in an industry affecting commerce.

50. Defendant is an entity who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

51. At all relevant times, Plaintiff was employed by Defendant, and/or had received a full-time employment offer from Defendant.

52. Plaintiff is diagnosed with several medical conditions including anxiety, among others.

53. Plaintiff's medical conditions are a serious medical condition that substantially limits one or more major life activities.

54. Plaintiff's disability or perceived disability placed him as a member of a protected class.

55. Plaintiff was qualified to perform the essential functions of the job with or without a reasonable accommodation.

56. Plaintiff requested the reasonable accommodation of allowing him to pass his drug screen despite testing positive for Benzodiazepine due to his medically prescribed Xanax.

57. Defendant was aware of this request.

58. Defendant failed to engage in the interactive process.

59. Defendant terminated and/or failed to hire Plaintiff after requesting a reasonable accommodation.

60. The above-referenced requests were reasonable accommodations that were possible for Defendant to provide.

61. Defendant's actions were intentional with reckless indifference to Plaintiff's rights and sensibilities

62. Defendant treated Plaintiff differently than similarly situated employees based on unlawful consideration of disability.

63. As a direct and proximate result of Defendant's wrongful acts, Plaintiff has sustained injuries and damages. These include, but are not limited to: past and future wage loss; past and future lost earning capacity; loss of career opportunities; shame, humiliation, embarrassment, anxiety, loss of sleep and interference with her enjoyment of life; and emotional distress, all of which will continue into the future.

64.     The actions of Defendant were intentional, careless and/or reckless and performed in complete disregard of the law and the rights of Plaintiff, for which conduct and actions, punitive damages are properly imposed in such amounts as will punish Defendant for its wrongful conduct and deter it and others from like conduct in the future.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant and that Plaintiff be awarded past, present and future lost wages and benefits; compensatory damages, punitive and exemplary damages; interest, costs and reasonable attorneys' fees; any other relief afforded Plaintiff under The Americans with Disabilities Act and The Civil Rights Act, and all other relief deemed just and equitable.

## COUNT III

### (Americans with Disabilities Act – Retaliation)

65.     Plaintiff restates and realleges paragraphs 1-32 of this Complaint as if fully stated herein.

66.     As contained in this Complaint, Plaintiff engaged in protected activities, including, but not limited to, reporting his disabilities to Defendants and requesting reasonable accommodations for his disabilities.

67.     Plaintiff was subjected to tangible employment actions including, but not limited to, termination and/or failure to hire as a permanent employee

68.     Plaintiff's reporting and/or requests for an accommodation were a motivating factor in the tangible employment actions including, but not limited to, termination.

69.     Defendant's actions were intentional with reckless indifference to Plaintiff's rights and sensibilities

70. Defendant treated Plaintiff differently than similarly situated employees based on unlawful consideration of disability.

71. As a direct and proximate result of Defendant's wrongful acts, Plaintiff has sustained injuries and damages. These include, but are not limited to: past and future wage loss; past and future lost earning capacity; loss of career opportunities; shame, humiliation, embarrassment, anxiety, loss of sleep and interference with her enjoyment of life; and emotional distress, all of which will continue into the future.

72. The actions of Defendant were intentional, careless and/or reckless and performed in complete disregard of the law and the rights of Plaintiff, for which conduct and actions, punitive damages are properly imposed in such amounts as will punish Defendant for its wrongful conduct and deter it and others from like conduct in the future.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant and that Plaintiff be awarded past, present and future lost wages and benefits; compensatory damages, punitive and exemplary damages; interest, costs and reasonable attorneys' fees; any other relief afforded Plaintiff under The Americans with Disabilities Act and The Civil Rights Act, and all other relief deemed just and equitable.

## COUNT IV

**(Illinois Human Rights Act – Disability Discrimination)**

73. Plaintiff restates and realleges paragraphs 1-32 of this Complaint.

74. Defendant is an entity engaged in an industry affecting commerce.

75. Defendant is an entity who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

76. At all relevant times, Plaintiff was employed by Defendant, and/or had received a full-time employment offer from Defendant.

77. Plaintiff is diagnosed with several medical conditions including anxiety, among others.

78. Plaintiff's medical conditions are a serious medical condition that substantially limits one or more major life activities.

79. Plaintiff's disability or perceived disability placed him as a member of a protected class.

80. Plaintiff was qualified to perform the essential functions of the job with or without a reasonable accommodation.

81. Defendant was aware of Plaintiff's disability and/or perceived Plaintiff to have a disability.

82. Plaintiff was subjected to tangible employment actions including, but not limited to, termination and/or failure to hire as a permanent employee

83. Plaintiff's disabilities, perceived disabilities, and/or the known side effects of having a positive drug screen were a motivating factor in the tangible employment actions including, but not limited to, termination.

84. Defendant's actions were intentional with reckless indifference to Plaintiff's rights and sensibilities

85. Defendant treated Plaintiff differently than similarly situated employees based on unlawful consideration of disability.

86. As a direct and proximate result of Defendant's wrongful acts, Plaintiff has sustained injuries and damages. These include, but are not limited to: past and future wage loss;

past and future lost earning capacity; loss of career opportunities; shame, humiliation, embarrassment, anxiety, loss of sleep and interference with her enjoyment of life; and emotional distress, all of which will continue into the future.

87. The actions of Defendant were intentional, careless and/or reckless and performed in complete disregard of the law and the rights of Plaintiff, for which conduct and actions, punitive damages are properly imposed in such amounts as will punish Defendant for its wrongful conduct and deter it and others from like conduct in the future.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant and that Plaintiff be awarded past, present and future lost wages and benefits; compensatory damages, punitive and exemplary damages; interest, costs and reasonable attorneys' fees; any other relief afforded Plaintiff under the Illinois Human Rights Act, and all other relief deemed just and equitable.

## COUNT V

### (Illinois Human Rights Act – Failure to Accommodate)

88. Plaintiff restates and realleges paragraphs 1-32 of this Complaint.

89. Defendant is an entity engaged in an industry affecting commerce.

90. Defendant is an entity who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

91. At all relevant times, Plaintiff was employed by Defendant, and/or had received a full-time employment offer from Defendant.

92. Plaintiff is diagnosed with several medical conditions including anxiety, among others.

93. Plaintiff's medical conditions are a serious medical condition that substantially limits one or more major life activities.

94. Plaintiff's disability or perceived disability placed him as a member of a protected class.

95. Plaintiff was qualified to perform the essential functions of the job with or without a reasonable accommodation.

96. Plaintiff requested the reasonable accommodation of allowing him to pass his drug screen despite testing positive for Benzodiazepine due to his medically prescribed Xanax.

97. Defendant was aware of this request.

98. Defendant failed to engage in the interactive process.

99. Defendant terminated and/or failed to hire Plaintiff after requesting a reasonable accommodation.

100. The above-referenced requests were reasonable accommodations that were possible for Defendant to provide.

101. Defendant's actions were intentional with reckless indifference to Plaintiff's rights and sensibilities

102. Defendant treated Plaintiff differently than similarly situated employees based on unlawful consideration of disability.

103. As a direct and proximate result of Defendant's wrongful acts, Plaintiff has sustained injuries and damages. These include, but are not limited to: past and future wage loss; past and future lost earning capacity; loss of career opportunities; shame, humiliation, embarrassment, anxiety, loss of sleep and interference with her enjoyment of life; and emotional distress, all of which will continue into the future.

104. The actions of Defendant were intentional, careless and/or reckless and performed in complete disregard of the law and the rights of Plaintiff, for which conduct and actions, punitive damages are properly imposed in such amounts as will punish Defendant for its wrongful conduct and deter it and others from like conduct in the future.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant and be awarded past, present and future lost wages and benefits; compensatory damages, punitive and exemplary damages; interest, costs and reasonable attorneys' fees; any other relief afforded Plaintiff under the Illinois Human Rights Act, and all other relief deemed just and equitable.

### COUNT VI

**(Illinois Human Rights Act – Retaliation)**

105. Plaintiff restates and realleges paragraphs 1-32 of this Complaint as if fully stated herein.

106. As contained in this Complaint, Plaintiff engaged in protected activities, including, but not limited to, reporting his disabilities to Defendants and requesting reasonable accommodations for his disabilities.

107. Plaintiff was subjected to tangible employment actions including, but not limited to, termination and/or failure to hire as a permanent employee

108. Plaintiff's reporting and/or requests for an accommodation were a motivating factor in the tangible employment actions including, but not limited to, termination.

109. Defendant's actions were intentional with reckless indifference to Plaintiff's rights and sensibilities

110. Defendant treated Plaintiff differently than similarly situated employees based on unlawful consideration of disability.

111. As a direct and proximate result of Defendant's wrongful acts, Plaintiff has sustained injuries and damages. These include, but are not limited to: past and future wage loss; past and future lost earning capacity; loss of career opportunities; shame, humiliation, embarrassment, anxiety, loss of sleep and interference with her enjoyment of life; and emotional distress, all of which will continue into the future.

112. The actions of Defendant were intentional, careless and/or reckless and performed in complete disregard of the law and the rights of Plaintiff, for which conduct and actions, punitive damages are properly imposed in such amounts as will punish Defendant for its wrongful conduct and deter it and others from like conduct in the future.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant and \ be awarded past, present and future lost wages and benefits; compensatory damages, punitive and exemplary damages; interest, costs and reasonable attorneys' fees; any other relief afforded Plaintiff under the Illinois Human Rights Act, and all other relief deemed just and equitable.

Respectfully submitted,

THE FURNISS LAW FIRM, LLC

/s/ Ryan M. Furniss
Ryan M. Furniss (IL# 6282915)
222 S. Central Ave., Suite 1004
Saint Louis, MO 63105
(314) 899-9101
(314) 627-5891 (fax)
rfurniss@furnisslaw.com